# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**In re:**

**THOMAS P. MACNAUGHT,**

    **Debtor.**

_____/

**ARVIND MAHENDRU,**
as Chapter 7 Trustee of the estate of
**THOMAS P. MACNAUGHT,**

    **Plaintiff,**

v.

**FORD MOTOR CREDIT COMPANY, LLC,**

    **Defendant.**

_____/

**BANKRUPTCY CASE NO.: 6:18-bk-05984-KSJ**

**CHAPTER 7**

**ADVERSARY PROCEEDING NO.:**

## COMPLAINT

Plaintiff, Arvind Mahendru ("Plaintiff"), the Chapter 7 Trustee of the bankruptcy estate of Thomas P. MacNaught ("Debtor"), by and through undersigned counsel, hereby sues Ford Motor Credit Company, LLC, and states the following:

## PRELIMINARY STATEMENT

1. The Debtor, Thomas P. MacNaught, filed a petition for bankruptcy relief under Chapter 7 on September 28, 2018.

2. Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(O), and the Standing Order of Reference of the United States District Court entered by Hon. Anne C. Conway on February 22, 2012, 6:12-MC-26-ORL-22, Middle District of Florida, referring all bankruptcy matters to the United States Bankruptcy Court for the Middle District of Florida.

## PARTIES

4. Plaintiff, Arvind Mahendru, is the Chapter 7 Trustee of the bankruptcy estate of Thomas P. MacNaught.

5. Debtor, Thomas P. MacNaught, is a natural person residing in Brevard County, Florida, where the causes of action arose, is a "consumer," as that term is defined by Fla. Stat. § 559.55(8), and is a "person" under 47 U.S.C. § 227 *et seq.*

6. Defendant, Ford Motor Credit Company, LLC, including its collection agents and assigns ("Defendant"), is a foreign limited liability company, is headquartered in Michigan, does business in the State of Florida, is a "creditor," as that term is defined by Fla. Stat. § 559.55(5), and is a "person" under 47 U.S.C. § 227 *et seq*.

7. Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including without limitation to, electronic communication with Debtor.

8. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct itself, and allowed them to so act, with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

9. The Defendant's communications, set forth below, were made to exhaust the Debtor's will in an attempt to have the Debtor pay a debt after all necessary information was conveyed and after all attempts and persuasion and negotiation had failed, as demonstrated by Debtor either expressly or impliedly communicating to Defendant to stop calling Debtor.

**FACTUAL ALLEGATIONS**

10. Debtor was alleged to owe Defendant a debt (the "Alleged Debt"), including without limitation, the debt on Schedule F of the Debtor's bankruptcy schedules with account number ending in -8063, totaling $18,161.21.

11. The Alleged Debt stems from transactions primarily for personal, family, or household purposes, and is therefore a "debt," as that term is defined by Fla. Stat. § 559.55(6).

12. Defendant called Debtor's cellular telephone number from approximately the beginning of 2017 until the end of 2017 in an attempt to collect on the Alleged Debt.

13. Defendant called Debtor approximately three times each week.

14. In approximately the middle of 2017, Debtor instructed Defendant to stop calling his cellular telephone.

15. In approximately the middle of 2017, Debtor told Defendant that he was unable to pay the Alleged Debt.

16. Nevertheless, Defendant continued to call Debtor on his cellular telephone until approximately the end of 2017, despite Debtor instructing Defendant to stop calling and telling Defendant that he was unable to pay the Alleged Debt.

17. Upon reasonable belief, Defendant utilized an automated telephone dialing system when contacting Debtor. This is evidenced by the fact that when Debtor would answer a call from Defendant, Debtor would hear a beep or pause prior to Defendant's representative coming onto the line. Moreover, Defendant would leave automated voicemails on Debtor's cellular telephone.

18. Upon information and belief, Defendant transferred and/or sold the Alleged Debt to a collection agency, who was acting on behalf of Defendant, in an attempt to collect on the Alleged Debt. Defendant is therefore jointly and severally liable for the illegal conduct of the collection agency acting on its behalf, as described above.

19. As described below, Defendant's conduct constitutes violations of the FCCPA and TCPA.

## **COUNT I**

### **VIOLATION OF § 559.72(7) OF THE FCCPA BY DEFENDANT**

20. This is an action against Defendant for violation of Fla. Stat. § 559.72(7).

21. Plaintiff realleges and incorporates paragraphs 1 through 19, as if fully set forth herein.

22. Defendant communicated, directly and/or indirectly, certain information to Debtor as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

23. Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) …willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

24. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

25. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

26. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

27. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF § 559.72(9) OF THE FCCPA BY DEFENDANT

28. This is an action against Defendant for violation of Fla. Stat. § 559.72(9).

29. Plaintiff realleges and incorporates paragraphs 1 through 19, as if fully set forth herein.

30. Defendant communicated, directly and/or indirectly, certain information to Debtor as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

31. Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

32. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

33. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

34. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

35. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

# COUNT III

## VIOLATIONS OF THE TCPA, 47 U.S.C § 227 *et seq.*, BY DEFENDANT

36. This is an action against Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

37. Plaintiff realleges and reincorporates paragraphs 1 through 19, as if fully set forth herein.

38. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtor.

39. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

> It shall be unlawful for any person within the United States --
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice –
>
> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

40. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Debtor's cellular telephone using an automatic telephone dialing system without Debtor's express consent.

41. Defendant willfully, knowingly, and intentionally made multiple calls to Debtor's cellular telephone utilizing an automatic telephone dialing system after Debtor told Defendant that Defendant did not have permission to call Debtor's cellular telephone.

42. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

43. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

44. Based upon the willful, knowing, and intentional conduct of Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant: (1) finding that Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding that Defendant willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

Dated: January 18, 2019

Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax: (813) 336-0832

/s/ Gus M. Centrone, Esq.
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
*Attorneys for Plaintiff*