UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                          BANKRUPTCY CASE NO.:
                                                6:18-bk-05984-KSJ
THOMAS P. MacNAUGHT,

    Debtor.

_____/

ARVIND MAHENDRU, as Charpter 7                  CHAPTER 7
Trustee of the Estate of THOMAS P.
MacNAUGHT ,                                     ADVERSARY PROCEEDING NO.:
                                                6:19-ap-00024-KSJ
    Plaintiffs,

vs.

FORD MOTOR CREDIT COMPANY, LLC,

    Defendant.

_____/

**DEFENDANT, FORD MOTOR CREDIT COMPANY, LLC's ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, DEMAND FOR JURY TRIAL, AND NOTICE OF COMPLIANCE WITH RULE 2.516, FLA. R. JUD. ADMIN., DESIGNATION OF PRIMARY AND SECONDARY E-MAIL ADDRESSES**

Defendant, FORD MOTOR CREDIT COMPANY, LLC ("FMCC"), by and through its undersigned counsel and pursuant to FLA.R.CIV.P 1.110, hereby files its Answer, Affirmative Defenses, and Demand for Jury Trial to Plaintiff's Complaint as follows:

**PRELIMINARY STATEMENT**

1.    FMCC admits the allegation in paragraph 1.

F010-10867/23

2. To the extent that allegations contained in paragraph 2 are conclusions of law, not allegations of fact, FMCC deems no response is required. To the extent the remaining allegations in this paragraph are deemed factual, FMCC denies such allegations.

## JURISDICTION AND VENUE

3. FMCC denies the allegations in paragraph 3.

## PARTIES

4. FMCC admits the allegation in paragraph 4.

5. FMCC denies the allegations in paragraph 5.

6. FMCC admits that it is a limited liability company, authorized to do business in Florida. FMCC denies the remaining allegations.

7. FMCC denies the allegations in paragraph 7, as phrased.

8. FMCC denies the allegations in paragraph 8.

9. FMCC denies the allegations in paragraph 9.

## FACTUAL ALLEGATIONS

10. FMCC admits that there is a final judgment awarded in the amount of $18,161.21 against the debtor related to account number ending in 8063.

11. FMCC denies the allegations in paragraph 11, as phrased.

12. FMCC denies the allegations in paragraph 12.

13. FMCC denies the allegations in paragraph 13.

14. FMCC denies the allegations in paragraph 14.

15. FMCC denies the allegations in paragraph 15.

16. FMCC denies the allegations in paragraph 16.

17. FMCC denies the allegations in paragraph 17.

18. FMCC denies the allegations in paragraph 18.

19. FMCC denies the allegations in paragraph 19.

## COUNT I
## VIOLATION OF §559.72(7) OF THE FCCPA BY DEFENDANT

20. To the extent that allegations contained in paragraph 20 are conclusions of law, not allegations of fact, FMCC deems no response is required. To the extent the remaining allegations in this paragraph are deemed factual, FMCC denies such allegations.

21. FMCC re-alleges and re-incorporates by reference its response to paragraphs 1 through 19.

22. FMCC denies the allegations in paragraph 22.

23. To the extent that allegations contained in paragraph 23 are conclusions of law, not allegations of fact, FMCC deems no response is required. To the extent the remaining allegations in this paragraph are deemed factual, FMCC denies such allegations.

24. FMCC denies the allegations in paragraph 23.

25. FMCC denies the allegations in paragraph 25.

26. FMCC denies the allegations in paragraph 26.

27. FMCC denies the allegations in paragraph 27.

## COUNT II
## VIOLATION OF §559.72(9) OF THE FCCPA BY DEFENDANT

28. To the extent that allegations contained in paragraph 28 are conclusions of law, not allegations of fact, FMCC deems no response is required. To the extent the remaining allegations in this paragraph are deemed factual, FMCC denies such allegations.

29. FMCC re-alleges and re-incorporates by reference its response to paragraphs 1 through 19.

30. FMCC denies the allegations in paragraph 30.

31. To the extent that allegations contained in paragraph 31 are conclusions of law, not allegations of fact, FMCC deems no response is required. To the extent the remaining allegations in this paragraph are deemed factual, FMCC denies such allegations.

32. FMCC denies the allegations in paragraph 32.

33. FMCC denies the allegations in paragraph 33.

34. FMCC denies the allegations in paragraph 34.

35. FMCC denies the allegations in paragraph 35.

## COUNT III
## VIOLATION OF THE TCPA, 47 U.S.C. §227 *ET SEQ*. BY DEFENDANT

36. To the extent that allegations contained in paragraph 36 are conclusions of law, not allegations of fact, FMCC deems no response is required. To the extent the remaining allegations in this paragraph are deemed factual, FMCC denies such allegations.

37. FMCC re-alleges and re-incorporates by reference its response to paragraphs 1 through 19.

38. FMCC denies the allegations in paragraph 38.

39. To the extent that allegations contained in paragraph 39 are conclusions of law, not allegations of fact, FMCC deems no response is required. To the extent the remaining allegations in this paragraph are deemed factual, FMCC denies such allegations.

40. FMCC denies the allegations in paragraph 40.

41. FMCC denies the allegations in paragraph 41.

42. FMCC denies the allegations in paragraph 42.

43. FMCC denies the allegations in paragraph 43.

44. FMCC denies the allegations in paragraph 44.

## DEFENSES AND AFFIRMATIVE DEFENSES

By way of defenses and affirmative defenses, FMCC asserts the following:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action against FMCC for which relief can be granted and should be dismissed with prejudice as there are insufficient facts pled to establish calls or contact was made within the alleged time period.

### SECOND DEFENSE

In the event that damages of any sort are awarded to the Plaintiff, the Defendant is entitled to a setoff of the amount due to it by the debtors, which is the sum of $18,161.21.

### THIRD DEFENSE

During the time period alleged, there was little or no contact made by the Defendant with the debtor.

### FOURTH DEFENSE

Plaintiff's Complaint is barred by the statute of limitations.

### FIFTH DEFENSE

To the extent Plaintiff has suffered or will suffer any damages, such damages were caused, in whole or in part, by the actions or omissions of other persons or entities over which FMCC had no control and for which FMCC is not liable, including, but not limited to, third party debt purchasers. In the event any fault of FMCC is found to have caused or contributed to cause

any damages to Plaintiff, which is denied, any recovery against FMCC must be reduced and limited by the comparative fault of such persons or entities.

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part because he did not suffer any damages.

## SEVENTH DEFENSE

To the extent Plaintiff has suffered or will suffer any damages, Plaintiff's own actions, inactions, or negligence have caused or contributed to such damages; therefore, Plaintiff's claims are barred, or, alternatively, any recovery due to Plaintiff must be reduced in proportion to such fault on the part of Plaintiff.

## EIGHTH DEFENSE

Plaintiff failed to comply with the requirements of §559.72, Fla. Stat.

## NINTH DEFENSE

Any damages suffered by the Plaintiff should be apportioned in accordance with the fault or legal responsibility of all other parties, persons, agents, or entities, who caused such damages based upon evidence as presented at trial.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, as it is the product by an intentional act by the Plaintiff to cause a violation of the applicable law in order to seek statutory remedies under the applicable law.

## ELEVENTH DEFENSE

To the extent any errors were made with respect to its investigation or furnishing of information, it was the result of a bona fide error or clerical mistake which does not rise to the

level of a violation as contemplated by the FCCPA and TCPA. FMCC has processes and procedures in place to insure that disputes received are investigated, all relevant information is reviewed and if required, to modify, delete or block inaccurate information. Notwithstanding, as FMCC has implemented reasonable procedures to avoid any alleged violations of FCCPA and TCPA and any such violation is the result of bona fide error.

## TWELFTH DEFENSE

Plaintiff has failed to mitigate his damages, if any, in the manner required by the law of Florida to include resolution of the outstanding debt, communicating with FMCC and communications with any third party debt purchasers or collectors.

Further, counsel for said Defendant, FORD MOTOR CREDIT COMPANY, LLC, hereby serves this its Notice of Compliance with Rule 2.516, FLA. R. JUD. ADMIN., and designates the following e-mail addresses for "Service of Document(s)" pursuant to said Rule:

> **PRIMARY E-MAIL:** **jkennedy@mtwlegal.com**
> **SECONDARY E-MAIL:** **e.service@mtwlegal.com**

Effective **September 1, 2012**, opposing counsel is directed to utilize both e-mail addresses when serving documents or pleadings as required by Rule 2.516, FLA. R. JUD. ADMIN. It should be noted that the secondary e-mail address is a mailbox used solely for service and is unattended.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 21, 2019, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send notification of such filing to:

Brian L. Shrader, Esq. and Gus M. Centrone, Esq., Centrone & Shrader, PLLC, 612 W. Bay Street, Tampa, FL 33606, bshrader@centroneshrader.com; gcentrone@centroneshrader.com; Attorneys for Plaintiff

*s/Jessica M. Kennedy*
JESSICA M. KENNEDY, ESQ.
Florida Bar No. 0096015
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue
Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
Primary Service Email:
Secondary Service Email: e.service@mtwlegal.com
*Attorneys for Defendant, Ford Motor Credit Company, LLC*